# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**LYNDA SABLAN TAITAGUE,**
*aka* **Olympia Sablan Taisacan**
*aka* **Oli Taisacan**
*aka* **Olmpia Sablan Taisacan**
*aka* **Lynda Taitague**
*aka* **Olmpia Sablan Oly**
*aka* **Oly Taisacan**
*aka* **Olympia Sablan Taisagan**
*aka* **Jane Doe**
DOB: 09/13/1978 or 05/08/1978
      or 08/08/1978

                    Defendant.

) CRIMINAL CASE NO. **CF0177-14**
) GPD Report No. 13-16876
)
)
)
)
)
)
)
)
)
)                 **DECISION & ORDER**
)        **RE. DEFENDANT'S MOTION TO**
)    **RECONSIDER REVOCATION AND**
)        **REDUCTION OF SENTENCE**
)
)
)
)
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on April 26, 2024, through a motion. Through her counsel Public Defender Stephen Hattori, Defendant Lynda Sablan Taitague ("Defendant") filed a Motion to Reconsider Revocation and Reduction of Sentence. No responsive pleadings were filed by the People of Guam ("People"). The court did not find it necessary to hear oral arguments on the Defendant's Motion. Having duly considered the Defendant's Motion and the applicable law, the court now issues this Decision and Order **GRANTING IN PART AND DENYING IN PART** the Defendant's Motion to Reconsider Revocation and Reduction of Sentence.

## BACKGROUND

On August 10, 2014, the Defendant was charged via Indictment for the offense of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (Aug. 10, 2014). While on pre-trial release, the Adult Probation Office ("Probation") filed nine violations against the Defendant for violating her conditions.[1] The court eventually accepted the Defendant's guilty plea as to her felony possession charge on January 4, 2019. *See* Judgment (Jan. 30, 2019). Since the court's acceptance of her guilty plea, the Defendant received twelve more violations from Probation for violating her probationary conditions.[2]

Shortly after the Defendant was picked up on a warrant of arrest, the People filed its Motion to Revoke Probation on April 6, 2023. *See* Ppl.'s Mot. Revoke (Apr. 6, 2023). The Defendant subsequently filed her Opposition to the Motion on April 25, 2023. *See* Def.'s Opp'n (Apr. 25, 2023). After a brief continuance for the scheduled Revocation Hearing, the court heard oral arguments on the Defendant's revocation on July 17, 2023. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam.

On January 18, 2024, the court filed its Decision and Order granting the People's Motion to Revoke the Defendant's Probation and sentenced the Defendant to three (3) years of imprisonment with credit for time served. *See* Decision and Order (Jan. 18, 2024). Pursuant to 8

---

[1] *See* 1st Violation Report (Mar. 26, 2018); 2nd Violation Report (May 8, 2018); 3rd Violation Report (May 29, 2018); 4th Violation Report (June 27, 2018); 5th Violation Report (Aug. 23, 2018); 6th Violation Report (Sept. 24, 2018); 7th Violation Report (Oct. 16, 2018); 8th Violation Report (Dec. 3, 2018); 9th Violation Report (Dec. 31, 2018).

[2] *See* 1st Violation Report (Feb. 6, 2019); 2nd Violation Report (Mar. 25, 2019); 3rd Violation Report (Aug. 12, 2019); 4th Violation Report (Aug. 23, 2019); 5th Violation Report (Sept. 19, 2019); 6th Violation Report (Sept. 19, 2019); 7th Violation Report (Oct. 30, 2019); 8th Violation Report (Nov. 13, 2019); 9th Violation Report (Oct. 30, 2020); 10th Violation Report (Dec. 15, 2021); 11th Violation Report (May 18, 2022); 12th Violation Report (June 27, 2022).

GCA § 120.46, the Defendant timely filed her Motion to Reconsider Revocation and for Reduction of Sentence ("Motion to Reconsider") on April 26, 2024.

## DISCUSSION

**A. The court finds that there are no grounds to reconsider Defendant Taitague's revocation of probation.**

Under the Local Rules of the Superior Court of Guam:

(d) Motion for Reconsideration. A motion may be renewed only on the grounds of
> (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CR 1.1(d)(1)–(3). In other words, the trial court's reconsideration of a motion is appropriate where it: "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[3] *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38 (citing *Ward v. Reyes*, 1998 Guam 1 ¶ 11). However, motions for reconsideration are "both 'procedurally and substantively deficient' if they simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (quoting *Merchant v. Nanyo Realty Inc.*, 1998 Guam 26 ¶ 8-9).

---

[3] While the Motion for Reconsideration up for appeal in *Petition of Quitugua v. Flores* was a civil Motion for Reconsideration filed under CVR 7.1(e), CR 1.1(d) is the statutory authority for criminal Motions for Reconsideration, which bears the same language as CVR 7.1(e). Therefore, the court finds that the Supreme Court of Guam's analysis over a civil Motion for Reconsideration can be applied to this Motion for Reconsideration at issue in this criminal case.

Pursuant to 9 GCA § 80.66(a)(2),[4] the Defendant argued that the Government failed to show that "committing Ms. Taisacan to prison will serve *anyone's* interests, let alone the ends of justice." Def.'s Mot. Reconsider at 3 (Apr. 26, 2024). In arguing why revoking her probation would not serve the public's interest and the interests of justice, she looked at whether society would be safer with her incarcerated at the Department of Corrections ("DOC") compared to another person "who poses a more immediate threat to the community." *Id.* at 4. She emphasized that not only has she not shown herself to be a threat to anyone or their belongings, but she has also not received new criminal charges against her. *Id.*

In its previous motion, the People argued that the Defendant's failure to comply with substantial requirements of her probation did not make her a good candidate for probation. *See generally* Ppl.'s Mot. Revoke (Apr. 6, 2023). When expanding on this argument at the Defendant's Revocation Hearing, the People pointed out that she had not made any progress with treatment – the condition of most concern to the People – since entering her plea back in 2019. *See* Revocation H'rg Mins. at 3:05:40–07:20PM (July 17, 2023).

While Defendant Taitague mainly argues in her Motion to Reconsider why the People failed to prove the second prong of 9 GCA § 80.66(a) in its original motion, she does not present this argument in such a way that lends support for the court's reconsideration of her revocation on any of the three permissible grounds provided under CR1.1(d). Namely, her arguments do not: present the court with new evidence; show why the court either committed clear error or was manifestly unjust in its decision; or show any intervening change in controlling law.

---

[4] 9 GCA § 80.66(a)(2) reads: "At any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public."

Further, the Local Rules of the Superior Court of Guam are clear in requiring that no motion for reconsideration "*shall in any manner repeat* any oral or written argument made in support of or in opposition to the original motion." CR 1.1(d) (emphasis added). To support her Motion to Reconsider, she reiterated and elaborated on the fact that no new criminal charges have been filed against her. *See* Def.'s Mot. Reconsider at 4 (Apr. 26, 2024). However, the Defendant made this argument during her Revocation Hearing on July 17, 2023. When requesting the court not to revoke her at that time, the Defendant argued that "while she hasn't been showing up, at least she hasn't been coming in on new magistrates and new charges." Revocation H'rg Mins. at 3:08:41–08:50 (July 17, 2023). Based on the Supreme Court of Guam's analysis for motions for reconsideration and CR 1.1(d), this court denies reconsideration of Defendant Taitague's revocation of probation.

**B. The court finds that Defendant Taitague's three-year sentence would be more appropriate if served at Lighthouse Recovery Center's in-patient treatment program.**

The court may reduce a defendant's sentence within one hundred twenty (120) days after: (1) the imposition of a sentence; (2) the court's receipt of a mandate issued upon affirmance of the judgment or dismissal of the appeal; or (3) entry of any Supreme Court of Guam order or judgment that upholds a judgment of conviction. *See* 8 GCA § 120.46. If the court initially imposed a lawful sentence, it may exercise discretion in reducing a sentence if "the original sentence now seems unduly harsh" upon further reflection. *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973).

Rather than challenging the legality of her sentence, the Defendant pleas the court for leniency through her Motion to Reconsider. *See United States v. Thayer*, 857 F.2d 1358, 1360 (9th Cir. 1988). Specifically, the Defendant requests the court to reduce her three-year sentence so that

she may receive treatment, which is currently unavailable to female detainees at DOC. *See* Def.'s Mot. Reconsider at 1 (Apr. 26, 2024). Should the court impose any period of incarceration, the Defendant also asks that she serve the imposed incarceration either at Guam Behavioral Health and Wellness Center Women's Residential or at The Salvation Army Lighthouse Recovery Center ("LRC"). *Id.* at 7.

Although the court issued its Decision and Order revoking Defendant Taitague's probation, the court has not yet filed its judgment formalizing the revocation of probation and imposition of a sentence. Pursuant to the Defendant's Plea Agreement, "the Court *may* impose *any sentence* that may have been imposed originally for the crime of which Defendant is pleading guilty to." Plea Agreement at 4 (Jan. 4, 2019) (emphasis added).

Defendant Taitague pled guilty to the offense of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). Based on this charge, the substantial requirement imposed as a condition in this case was the Defendant's completion of treatment. Despite waiting to pursue treatment until after the court had taken the Defendant's revocation under advisement, the Defendant has now chosen to pursue in-patient treatment through LRC. Based on the Defendant's history of non-compliance with Probation, specifically her lack of reporting and lack of progress towards treatment, reducing the Defendant's sentence is not appropriate.

Given that the Defendant is serving time at DOC, without receiving any treatment for her addiction, the court finds that the remaining time of the Defendant's three-year sentence would be more appropriate if served at a treatment facility.[5] According to the Defendant, LRC assessed her and had a bed waiting for her as of April 26, 2024. *See* Def.'s Mot. Reconsider (Apr. 26, 2024).

---

[5] Upon inquiry with Probation, the Defendant has 741 days of credit earned in this matter.

Should that bed still be available for in-patient treatment at LRC, the court will allow her to serve the remaining time of her sentence there. If a bed is no longer available, the court will order that Defendant Taitague remain at DOC until another bed opens up for her to receive in-patient treatment at LRC or another treatment program. If necessary to ensure the Defendant's enrollment in in-patient treatment, the court will further order that LRC, or another qualified in-patient treatment program, assess or re-assess the Defendant in the event a bed is no longer available for her.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

For the reasons stated above, the court hereby **GRANTS IN PART AND DENIES IN PART** the Defendant's Motion to Reconsider Revocation and Reduction of Sentence. Specifically, the court denies reconsideration of Defendant Taitague's Revocation of Probation. However, the court **GRANTS** a reduction of the Defendant's sentence **to the extent that she will serve the remainder of her imprisonment sentence at an in-patient treatment program available to her.** The court's Judgment issuing revocation and imposing the sentence shall be filed concurrent with this Decision and Order.

**SO ORDERED** this ___FEB 17 2025___ .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, PDSC_

Date: 2/17/25 Time: 2:17 pm

_Antonio A Cruz_
Deputy Clerk, Superior Court of Guam